UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAMMY LAWSON,**

       **Plaintiff,**

v.                                                                     **Case No: 6:15-cv-1128-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Tammy Lawson (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Doc. 1; R. 1-7, 206-18. Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) "failing to adequately weigh and consider the opinion of the [C]laimant's treating physicians and failing to adequately consider all of the pertinent evidence;" and 2) posing a hypothetical to the Vocational Expert that did not accurately reflect Claimant's limitations. Doc. 18 at 2-3. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS

### A. Failure to Weigh Opinions and Consider Pertinent Evidence

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining

medical sources.  20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process.  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original).  "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent

- 3 -

with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant first argued that "the ALJ failed to state the weight he assigned to any of [Claimant's] treating/examining physician." Doc. 18 at 12. However, Claimant did not specifically cite to a treating physician or purported medical opinion that the ALJ purportedly failed to weigh.[1] *Id*. at 8-15. Nor did Claimant explain or argue how the purported failure to weigh the treating physicians' purported medical opinions undermined the ALJ's decision. *Id*. Because Claimant did not specifically argue what purported medical opinions the ALJ failed to weigh and how said opinions undermined the ALJ's decision, the Court finds that Claimant abandoned the argument that "the ALJ failed to state the weight he assigned to any of [Claimant's] treating/examining physician." *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL

---

[1] The Court notes that although Claimant did specifically discuss the medical records of Dr. Evans E. Amune, Dr. Stephane Lavoie, and Dr. Royce Hood, it was not clear from Claimant's argument whether they were the treating physicians to which Claimant was referring. In addition, the Court notes that Claimant did not identify which of their statements Claimant purported to be medical opinions that needed to be weighed.

4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")); *Amazing Grace Bed & Breakfast v. Blackmun*, No. 09-0298-WS-N, 2011 WL 606126, at *3 (S.D. Ala. Feb. 11, 2011) ("'Judges are not like pigs hunting for truffles buried in briefs.' An issue must be 'fairly presented' in order to trigger consideration, and a glancing reference without discussion or legal authority does not meet that standard.") (citing *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009)).

Regardless, to the extent that Claimant was arguing that the ALJ failed to weigh the purported medical opinions contained within the medical records of Dr. Evans E. Amune, Dr. Stephane Lavoie, and Dr. Royce Hood, the Court finds that any such failure was harmless. The Court has reviewed the medical records of Dr. Amune, Dr. Lavoie, and Dr. Hood, and to the extent the records cited to by Claimant contained any medical opinions, such medical opinions did not directly contradict the ALJ's RFC determination, which provided as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work[2] as defined in 20 CFR 404.1567(b) and 416.967(b) with limitations. The claimant requires a sit/stand option in which she may adjust or alternate her position every 30 minutes; and she is limited to only occasional postural movements otherwise (i.e., bending, balancing, stooping, squatting, crouching, crawling, or kneeling). The claimant is

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.967(b).

>precluded from overhead reaching; no more than frequent handling/fingering with her right dominant hand; and she must avoid concentrated exposure to vibrations. The claimant is limited to performing simple, routine and repetitive tasks; she can relate adequately to supervisors, but is limited to only occasional contact with co-workers or general public; and she is able to deal with the changes in a routine work setting.

R. 28. Therefore, the ALJ's purported failure to weigh any such purported medical opinions was harmless error.[3] *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

Claimant's second argument was that the ALJ erred by assigning persuasive weight to the opinion of Dr. Robert Steele.[4] Doc. 18 at 8-15. Specifically, Claimant argued that the ALJ so erred because Dr. Steele reviewed Claimant's file in April 2012, and thus did not consider any medical records from after April 2012, including medical records from Dr. Amune, Dr. Lavoie, and Dr. Hood. *Id*. at 9-12. Claimant did not present any specific argument to explain how Claimant's medical records from after April 2012 materially differed from the medical records

---

[3] The Court notes that the ALJ did not specifically assign a weight to Rebecca Cicchetti, MSPT's statement that Claimant's impairments limited Claimant's dressing, bathing, reaching, driving, lifting, carrying, and working. R. 24-36, 695. To the extent that Ms. Cicchetti's statement was an opinion that needed to be weighed, the ALJ's failure to weigh the statement was harmless error. The Court finds that Ms. Cicchetti's statement does not directly contradict the ALJ's RFC determination, which limited Claimant to light work with only occasional postural movements, and precluded Claimant from overhead reaching and frequent handling or fingering with Claimant's dominant hand. R. 28; *See, e.g.*, *Wright*, 153 F. App'x at 684 (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination). The Court further notes that Claimant presented no argument to suggest that Ms. Cicchetti's statement somehow contradicted the RFC determination.

[4] The Court notes that the ALJ assigned persuasive weight to Dr. Steele's opinion only to the extent that the opinion was consistent with the RFC. R. 33.

that Dr. Steele reviewed. *Id*. at 8-15. Nor did Claimant argue that the ALJ failed to consider Claimant's medical records or other pertinent evidence when assigning persuasive weight to Dr. Steele's opinion.[5] *Id*.

The Commissioner argued that the ALJ did not err by assigning persuasive weight to Dr. Steele's opinion. Doc. 19 at 4-12. Specifically, the Commissioner argued that the ALJ was aware that Dr. Steele had reviewed Claimant's medical records in April 2012, and that the ALJ specifically discussed and considered Claimant's medical records from Dr. Amune, Dr. Lavoie, and Dr. Hood. *Id*.

In his decision, the ALJ noted that Dr. Steele was a non-examining State agency medical consultant that reviewed Claimant's medical records in April 2012. R. 33. After having previously discussed in his decision Claimant's medical records that post-dated April 2012 (including Claimant's medical records from Dr. Amune and Dr. Hood), the ALJ then found that Dr. Steele's medical assessment was generally consistent with the medical evidence of record as a whole, and determined that Dr. Steele's opinion was entitled to persuasive weight.[6] R. 30-33. Nevertheless,

---

[5] Claimant's sole argument appears to be that the ALJ erred by assigning persuasive weight to Dr. Steele's opinion because Dr. Steele had not considered all of Claimant's medical records. However, to the extent that Claimant is attempting to argue that the ALJ failed to consider pertinent evidence in Claimant's medical records, as was suggested by Claimant in her issue statement, said argument has been waived because Claimant failed to specifically argue that the ALJ failed to consider pertinent evidence, and because Claimant failed to cite to any such pertinent evidence that the ALJ purportedly failed to consider. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Regardless, based upon a review of the record, the Court finds that the ALJ considered the pertinent evidence that post-dated April 2012.

[6] The Court notes that the ALJ did not specifically refer to Dr. Lavoie. R. 30-33. However, the ALJ did specifically discuss the records of Dr. Paul Goldberg, who performed the MRI that Dr. Lavoie requested. R. 30, 459-82. Dr. Goldberg's records were contained in the same exhibit as Dr. Lavoie's records. R. 459-82.

the ALJ found that Claimant was somewhat more limited than Dr. Steele's opinion indicated because of credible objective evidence and hearing testimony regarding cervical spine disorders and right limb pain. R. 33.

Upon review of the record, the Court finds that the ALJ's decision to give persuasive weight to Dr. Steele's opinion was supported by substantial evidence. In finding that Dr. Steele's opinion was generally consistent with the record as a whole and was entitled to persuasive weight, the ALJ noted the fact that Dr. Steele had "particularly noted the claimant's physical exams' results and relevant diagnostic findings . . . ; and [had] referenced the claimant's pertinent medical history, subjective complaints, and treatment records received from treating physicians/medical specialists." *Id*. Nothing contained in the medical records that post-dated April 2012 was of such significance as to render erroneous the ALJ's determination that Dr. Steele's opinion was generally consistent with the medical evidence of record as a whole.[7] In addition, it is apparent from his decision that the ALJ considered the medical records that post-dated April 2012 when determining that Dr. Steele's opinion was generally consistent with the medical evidence of record. R. 30-33. It is the ALJ's duty to examine the evidence and resolve conflicting medical records. *See Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citation omitted). Where the ALJ's judgment was supported by substantial evidence, as it was here, the Court will not reweigh the evidence and substitute its judgment for that of the ALJ's. *See Phillips*, 357 F.3d at 1240 n.8 (quoting *Bloodsworth*, 703 F.2d at 1239).

---

[7] The Court notes that Claimant presented no argument to explain how the medical records that post-dated April 2012 were somehow materially different from the medical records that pre-dated April 2012. Doc. 18 at 8-15.

Moreover, even to the extent that Dr. Steele's opinion was rendered errant by the medical records that post-dated April 2012, the ALJ's decision to assign Dr. Steele's opinion persuasive weight would have been harmless error. The ALJ did not adopt Dr. Steele's opinion wholesale.[8] R. 33. Rather, the ALJ found, "based upon the credible objective evidence and hearing testimony," that Claimant was more limited than Dr. Steele opined. *Id*. As such, the ALJ adjusted the RFC in accordance with the medical records and Claimant's testimony to provide for more severe limitations than suggested by Dr. Steele. *Id*. The Court finds that the ALJ's RFC determination was supported by substantial evidence, and that any error in assigning persuasive weight to Dr. Steele's opinion was harmless.[9]

### B. Hypothetical Question to Vocational Expert (VE)

At step five of the sequential evaluation process, once the claimant has proven that the claimant can no longer perform past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228-30 (11th Cir. 1999) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ may rely on the testimony of a VE in determining whether the claimant can perform other jobs in the national economy. *Id*. at 1229. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ need not include "each and every symptom" of the claimant's impairments,

---

[8] The ALJ stated as follows: "I accord Dr. Steele's medical opinion persuasive weight to the extent such remains consistent [with] the [RFC] assessment." R. 33.

[9] The Court further notes that Claimant presented no argument to suggest that the ALJ's RFC determination was not supported by substantial evidence other than to argue that the ALJ erred by giving persuasive weight to Dr. Steele's opinion. Doc. 18 at 8-15.

*Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony at step five, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).[10]

Here, Claimant argued that the ALJ improperly relied on the testimony of the VE after posing a hypothetical question that did not adequately reflect Claimant's limitations. Doc. 18 at 15-18. Claimant's entire argument was premised upon the fact that the ALJ's RFC determination was not supported by substantial evidence.[11] *Id.* However, as the Court explained above, the ALJ's RFC determination was supported by substantial evidence. Therefore, Claimant's argument is without merit.

### III.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

---

[10] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[11] Claimant did not argue that the ALJ's RFC determination was inconsistent with the hypothetical the ALJ posed to the VE. Doc. 18 at 15-18.

**DONE AND ORDERED** in Orlando, Florida on March 1, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Gregory J. Froehlich
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
8880 Freedom Xing Trl
Jacksonville, Florida 32256-1224